TAYLOR v. GILMAN.

The indorsement and transfer of an overdue promissory note, by the payee
    to the plaintiff, for the consideration of the principal, with the understand-
    ing that the plaintiff shall have the accrued interest for collecting the
    note, and failing to collect it, the indorser will repay what the plaintiff
    has paid for the note, is not champerty.
An agreement of the indorsee with the payee of the note to collect it for the
    accrued interest is not a defence to a suit by the indorsee against the
    maker, unless the agreement is in some way injurious to the latter.

ASSUMPSIT, on an overdue promissory note, signed by the defendant, payable to John Moulton or order, and by him indorsed and delivered to the plaintiff before suit.   The plaintiff paid the amount of the principal of the note as consideration for the transfer; and it was understood that he should have the interest for collecting it, and if he failed to collect it, Moulton would repay him what he had paid. The defendant excepted to the refusal of the court to instruct the

jury that the plaintiff could not recover because the contract by which he acquired title to the note was tainted with champerty.

*Quarles* and *Copeland,* for the defendant.

*Carter* and *Worcester & Gafney,* for the plaintiff.

ALLEN, J.   The common law against maintenance and champerty, and making them punishable offences, is in force in this state, and contracts covering the elements of either cannot be upheld.   *Knox* v. *Martin,* 8 N. H. 154, 157 ; *Christie* v. *Sawyer,* 44 N. H. 298, 303, 304.   The sale and transfer of the note by indorsement to the plaintiff was on a sufficient consideration ; and the understanding of the plaintiff and Moulton, that if the note should not be collected Moulton should return the consideration paid, and, if collected of the maker, the plaintiff should have the interest, could have had no greater effect than to qualify the indorsement by limiting the indorser's liability.   The transfer by indorsement, with a discount of the interest, was no departure from the ordinary course of business.   And the understanding of the parties to the transfer, that the plaintiff should not, in any event, lose more than the expense and labor of collecting the note, did not make the transaction a champertous agreement.

If the transfer of the note was in substance an agreement of the plaintiff to collect the note for the accrued interest, and really tainted with champerty, the defendant could not set up the illegality of the contract as a defence to this suit unless he was in some way injuriously affected by it.   He was not a party to the agreement of transfer ; and though neither the plaintiff nor Moulton could maintain a suit one against the other on that agreement, the plaintiff's title to the note could not be questioned by the defendant unless the contract by which that title was acquired was a source of injury to him. The case is not different, as affecting the defendant, from what it would have been had the contract been the same, and the note not indorsed, and the suit brought in Moulton's name.   In such a case the defendant could not set up the champerty between Moulton and the assignee of the note as a defence to the action.   The contract by which the plaintiff acquired title to the note was in no way oppressive or injurious to the defendant, and there is no reason for his defeating the suit on a ground on which he could not defeat it if it had been brought in the name of the payee without an indorsement of the note.

*Judgment on the verdict.*

BINGHAM, J., did not sit.